UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK JOSEPH BASILE,

     Plaintiff,

v.                         Case No.:  2:20-cv-651-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Frank Joseph Basile seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on April 10, 2015 and for supplemental security income benefits on September 14, 2015, alleging disability beginning December 26, 2014. (Tr. 124, 329-349). Plaintiff later amended the alleged onset date to September 14, 2015. (Tr. 36). The applications were denied initially on July 28, 2015, and upon reconsideration on October 5, 2015. (Tr. 124, 151, 152). Plaintiff requested a hearing and on November 8, 2016, a hearing was held before Administrative Law Judge David Begley. (Tr. 82-108). On April 14, 2017, ALJ Begley entered a decision finding Plaintiff not disabled from September 14, 2015, the amended alleged onset date, through the date of the decision. (Tr. 156-66).

Plaintiff requested review of the hearing decision, the Appeals Council granted review, and remanded the case to an Administrative Law Judge. (Tr. 172-174). The Appeals Council determined ALJ Begley erred in not holding a supplemental hearing after Plaintiff's representative requested such a hearing. (Tr. 173).

On remand the case was assigned to Administrative Law Judge Eric Anscheutz ("ALJ"). The ALJ held another hearing on September 5, 2018. (Tr. 32-76). On April 17, 2019, the ALJ entered a decision finding Plaintiff not disabled from September 14, 2015, through the date of the decision. (Tr. 16-24).

Plaintiff again requested review of the decision, but the Appeals Council denied Plaintiff's request on July 2, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on August 25, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 21).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. (Tr. 18). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 14, 2015, the alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia and migraine headaches." (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he can only occasionally climb ladders, ropes, and

scaffolds, but frequently climb ramps and stairs. He can
frequently balance, stoop, kneel, crouch, and crawl. He should
avoid concentrated exposure to workplace hazards, such as
unprotected heights and unshielded rotating machinery, as well
as working with heavily vibrating machinery. He must be
permitted to alternate sitting and standing while remaining at
his workstation.

(Tr. 20-21). At step four, the ALJ found Plaintiff was capable of performing his past
relevant work as a sales manager and a department manager. (Tr. 23). The ALJ also
found this work does not require the performance of work-related activities
precluded by Plaintiff's RFC. (Tr. 23-24). The ALJ concluded that Plaintiff had not
been under a disability from September 14, 2015, through the date of the decision.
(Tr. 24).

## II.   Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ erred in his step
two and RFC findings; and (2) whether Plaintiff's work history undermines the
ALJ's finding with respect to whether his symptoms are consistent with the objective
medical and other evidence in his record. (Doc. 23, p. 21, 33). The Court will address
each issue in turn.

### A.   Whether the ALJ erred in his step two and RFC findings

Plaintiff contends the ALJ failed to review or discuss the medical evidence
contained in Exhibits 13F through 17F. (Doc. 23, p. 21). By failing to review these
records, Plaintiff claims the ALJ offered no analysis or discussion at step two or in
the RFC of Plaintiff's multiple medically determinable impairments, such as

bilateral shoulder pain, cervical spinal stenosis, back pain, and tachycardia. (Doc. 23, p. 21).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that *significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that he has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment ... is enough to satisfy the requirement of step two and allow the ALJ to proceed to step

three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

With this standard in mind, even if the ALJ should have characterized Plaintiff's cervical spinal stenosis, bilateral shoulder pain, thoracic spine pain, and tachycardia/carotid bruit as severe impairments, any error is harmless because the ALJ characterized other impairments – fibromyalgia and migraine headaches – as severe. (Tr. 18). The ALJ then advanced to step three of the sequential evaluation. *See Ball*, 714 F. App'x at 993. With step two satisfied, the issue then becomes whether the ALJ considered all of Plaintiff's limitations in assessing the RFC.

The ALJ reviewed Plaintiff's testimony concerning his impairments. The ALJ noted that Plaintiff complained of headaches, migraines, shoulder issues, depression, anxiety with increased heart rate, trouble sleeping, neck pain, and fibromyalgia. (Tr.

21). He discussed Plaintiff's multiple tender trigger points, but noted Plaintiff generally had normal motor strength, muscle tone, gait, station, ambulation, deep tendon reflexes, coordination, sensation, and generally normal range of motion with reduced range of motion on occasion. (Tr. 22). The ALJ also considered Plaintiff's acupuncture care, which helped with his pain level. (Tr. 22).[1]

A state agency medical consultant listed Plaintiff's severe impairments as spine disorders, fibromyalgia, and dysfunction of the major joints, and non-severe impairments as obesity, disorders of gastrointestinal system, central nervous system, recurrent arrhythmias, affective disorders, and anxiety disorders. (Tr. 130). Even though the ALJ gave partial weight to this opinion, he adopted all the medical consultant's limitations including: a limitation to light work; lifting 20 pounds occasionally and 10 pounds frequently; standing/walking about 6 hours in an 8-hour workday; sitting about 6 hours in and 8-hour workday; frequently climbing ramps, stairs; occasionally climbing ladders, ropes, and scaffolds; frequently balancing, stooping, kneeling crouching, and crawling;[2] and avoiding concentrated exposure to vibration and workplace hazards. (*Compare* Tr. 20-21, *with* Tr. 133-34). The ALJ

---

[1] The records for acupuncture care are located in Exhibit 17F. The Court finds the ALJ did review records beyond Exhibit 12F.

[2] The state agency medical consultant explained that the postural limitations related to Plaintiff's cardiac issue of infrequent palpitations, which remain under control with strict abstinence from any alcohol use. (Tr. 134)

even added an additional limitation of allowing for a sit/stand option while remaining at a workstation. (Tr. 21).

In the decision, the ALJ discussed Plaintiff's impairments whether severe or not and, in the RFC, he adopted the limitations of the state agency medical consultant who listed all the impairments even the impairments Plaintiff claims the ALJ ignored. The ALJ also added an additional limitation to allow for a sit/stand option. Plaintiff has not alleged or cited evidence of record that supports including any additional limitations in the RFC from these or any of Plaintiff's alleged impairments. For these reasons, even if the ALJ erred at step two by not including additional severe impairments, the error was harmless because the ALJ discussed additional impairments in the decision and included limitations in the RFC for all of Plaintiff's impairments.

**B.     Whether Plaintiff's work history undermines the ALJ's finding with respect to whether Plaintiff's symptoms are consistent with the objective medical and other evidence in his record**

Plaintiff argues the ALJ erred by not discussing Plaintiff's exemplary work history when finding Plaintiff's subjective statements not entirely consistent with the evidence of record. (Doc. 23, p. 33-35; Tr. 21). A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v.*

*Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must
establish:

> "(1) evidence of an underlying medical condition and either (2)
> objective medical evidence that confirms the severity of the
> alleged pain arising from that condition or (3) that the
> objectively determined medical condition is of such a severity
> that it can be reasonably expected to give rise to the alleged
> pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210). When evaluating a claimant's testimony, the
ALJ should consider: "(1) the claimant's daily activities; (2) the 'duration,
frequency, and intensity' of the claimant's symptoms; (3) '[p]recipitating and
aggravating factors'; (4) the effectiveness and side effects of any medications; and
(5) treatment or other measures taken by the claimant to alleviate symptoms." *Id.*
(quoting 20 C.F.R. §§ 404.1529(c), 416.929(c)(3)). The ALJ must consider these
factors given all of the evidence of record. *Id.* And if the ALJ discredits this
testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for'
doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210).

The ALJ may consider the consistency of the claimant's statements along with
the rest of the record to reach this determination. *Id.* "A clearly articulated credibility
finding with substantial supporting evidence in the record will not be disturbed by a
reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)); *see also
Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). And an ALJ's
decision will be affirmed as long as the decision is not a "broad rejection which is

not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and backets omitted).

Here, Plaintiff does not directly challenge the ALJ's subjective symptoms findings, but rather argues that the ALJ should have considered his exemplary work history and this omission warrants remand. (Doc. 23, p. 33-35). At the hearing, the ALJ asked Plaintiff extensively about his work history. (Tr. 36-41). The ALJ asked about the job requirements for his position as jewelry salesman, assistant store manager, and counter manager. (Tr. 36-41). The ALJ was therefore aware of Plaintiff's work history. While Plaintiff cites 20 C.F.R. § 404.1529(c)(3), and SSRs 96-8p[3] and 16-3p, claiming these regulations require an ALJ to consider a claimant's willingness to work as part of assessing subjective symptoms, these provisions do not require the ALJ to consider work history as a favorable factor. *See* 20 C.F.R. § 1529(c)(3) ("We will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons.").

---

[3] SSR 96-7p was superseded by SSR 16-3p effective March 28, 2016.

As a district court observed, "'the Eleventh Circuit has not had occasion to rule on the issue' of whether an ALJ's failure to consider a claimant's 'lengthy and consistent work record' in evaluating a claimant's credibility is erroneous." *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017) (citing *Lafond v. Comm'r of Soc. Sec.*, No. 6:14-CV-1001-ORL-DAB, 2015 WL 4076943, at *9 (M.D. Fla. July 2, 2015)). Here, the ALJ clearly articulated a rationale with substantial supporting evidence for his finding that Plaintiff's subjective symptoms are not entirely consistent with the evidence of record. (Tr. 21). The ALJ found Plaintiff's migraine headaches do not support additional limitations because Plaintiff had not been referred to a neurologist and had no imaging of the brain. (Tr. 21). As discussed above, the ALJ acknowledged Plaintiff had multiple tender trigger points, but the examination findings were generally normal. (Tr. 22). And a medical record indicated that Plaintiff's fibromyalgia was stable under his medication regimen. (Tr. 22). The ALJ considered Plaintiff's medical condition as a whole and therefore the Court must affirm the decision. *See Dyer*, 395 F.3d at 1211. Thus, remand for the Commissioner to reconsider Plaintiff's work history is unwarranted.

## III.    Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 3, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 15 -